UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVE FENG,<br><br>              Plaintiff,<br><br>v.<br><br>FRONTAGE LABORATORIES, INC., and SONG LI,<br><br>              Defendants. | **OPINION**<br><br>Civ. No. 2:18-cv-03407 (WHW) |

**Walls, Senior District Judge**

Defendants Frontage Laboratories, Inc. and Song Li move under Fed. R. Civ. P. 12 for dismissal for lack of jurisdiction. Alternatively, Defendants move to transfer this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Decided without oral argument under Fed. R. Civ. P. 78, Defendants' motion is granted in part, denied in part.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Dave Feng ("Feng") is a financial consultant and resident of Hudson County, New Jersey. *Compl.* ¶¶ 1,6. Defendant Song Li ("Li") is a Pennsylvania resident, Chief Economic Officer ("CEO") of Defendant Frontage Laboratories, Inc. ("Frontage"), and Feng's cousin. *Id.* ¶¶ 2-5. Feng alleges that in 2013, Li contacted Feng to solicit his advice on a merger transaction, which Feng worked on for roughly six months and for which he was not compensated. *Id.* ¶¶ 7-9. Feng claims that Li offered him Frontage's Chief Financial Officer ("CFO") position upon completion of the merger, but that Li changed his mind afterwards, saying Frontage did not require a CFO. *Id.* Feng alleges that this same gambit took place yet

1

again in 2016, this time with more specifics as to the terms of the employment, including compensation in the form of $1 million in Frontage stock. *Id.* ¶¶ 13-27.

Feng filed suit on February 6, 2018, in New Jersey Superior Court, alleging claims of breach of contract and *quantum meruit*. *Id.* Defendants removed the matter to this Court on March 9, 2018. ECF No. 1. Defendants now move for dismissal, arguing they are not subject to personal jurisdiction in the forum. Alternatively, Defendants move to transfer this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

### I. Jurisdiction

*Subject Matter Jurisdiction*

Though Plaintiff raises the issue of subject matter jurisdiction in his response brief, courts are required to evaluate the issue *sua sponte* if necessary, and this form of jurisdiction can never be waived or forfeited. *Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012). In evaluating whether this Court has subject matter jurisdiction, no presumption of truthfulness attaches to the allegations in the complaint and the court may consider matters outside the pleadings such as affidavits and other material properly before the court. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999). In deciding subject matter jurisdiction, "the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case." *Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

In order to meet the requirements for diversity jurisdiction, all plaintiffs and all defendants must be in complete diversity with one another—that is, no plaintiff and no defendant may be residents of the same forum. *See generally Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541

U.S. 567, 124 S. Ct. 1920, 1925, 158 L. Ed. 2d 866 (2004). Plaintiff claims that diversity jurisdiction—the basis for Defendants' removal to this Court—is lacking because Frontage is a resident of New Jersey. Resp. Br. at 5. Defendants counter that Frontage is not a resident of New Jersey, but instead is incorporated in Pennsylvania and has its principal place of business there. Reply Br. at 3. Defendants attach Frontage's Long Form Certificate from the State of New Jersey, which states that Frontage's charter to operate as a New Jersey domestic for-profit corporation expired on November 16, 2007. *Id.* at Ex. A.

Based on the above, Frontage is neither incorporated nor has its principal place of business in New Jersey. The contrary evidence Plaintiff cites—three offices affiliated with Frontage—simply indicates that Frontage does either direct or ancillary business in the forum, not that it is a citizen of it for purposes of subject matter jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (noting that regional offices are not enough to establish a corporation is a resident of the forum). This Court has subject matter jurisdiction because the Plaintiff is diverse from both Defendants.

*General Jurisdiction*

Plaintiff goes to great length to argue that Frontage is subject to jurisdiction in this forum because it is a New Jersey corporation. Resp. Br. at 3-4. However, Plaintiff appears to be mistaken based on the above facts, and his admonition that Defendants "further confuse the concepts of personal jurisdiction [and] long arm-jurisdiction [sic]," *id.*, is especially misguided. Frontage, not being a citizen of New Jersey and not maintaining its principal place of business there, is only subject to general jurisdiction if its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796

3

(U.S. 2011) (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). Plaintiff alleges no contacts by Frontage that would amount to it being essentially "at home" in New Jersey. Frontage is not subject to general jurisdiction in the forum.

*Specific Jurisdiction*

As opposed to general jurisdiction, specific jurisdiction permits a State to "authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear*, 564 U.S. at 923 (quoting *Int'l Shoe*, 326 U.S. at 310). Under the minimum contacts test, the Supreme Court has recently articulated that a defendant must have "purposefully availed itself of the forum." *Daimler*, 571 U.S. 117 (2014). This is consistent with the Court's general concerns regarding constitutional due process, upon which *Int'l Shoe* and its progenies lie, in order to ensure defendants always have "a reason to expect to be haled into this Court." *Minerva Marine, Inc. v. Spiliotes,*, No. CIV. 02-2517 (WHW), 2006 WL 680988, at *8 (D.N.J. Mar. 13, 2006).

Regarding Frontage, Plaintiff makes no effort to establish any allegations that would permit specific jurisdiction to attach. By hanging his hat on general jurisdiction alone, Plaintiff fails to establish any minimum contacts between Frontage and the forum. "Plaintiff has the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *VP Intellectual Properties, LLC v. IMTEC Corp.*, No. CIV A 99-3136 (WHW), 1999 WL 1125204, at *6 (D.N.J. Dec. 9, 1999). Plaintiff has not done so, and it "is not the role of this Court to make legal arguments for the parties." *Natreon, Inc. v. Ixoreal Biomed, Inc.*, No. CV164735FLWDEA, 2017 WL 3131975, at *9 (D.N.J. July 21, 2017).

Plaintiff does argue that Defendant Li is subject to specific jurisdiction in New Jersey. Resp. Br. at 2. He points to the following in an attempt to establish minimum contacts: "all telephone conversations, emails, and important events as set forth in the Complaint took place in the State of New Jersey;" "only one face to face meeting [] took place in Pennsylvania;" "Li knew that the work he requested Plaintiff perform would be performed in New Jersey;" and Li would expect to be "hailed" [sic] into New Jersey because Frontage conducts business in the state. *Id.* At this stage of the litigation, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).

These allegations are sufficient to establish specific jurisdiction over Li. In *Minerva*, this Court declined to apply personal jurisdiction over a defendant whose contacts consisted nearly entirely of the "firing of [a] New Jersey resident," reasoning that the "alleged firing…is more appropriately described as an act aimed at a party who is located in New Jersey, rather than as an act aimed at New Jersey." No. 2006 WL 680988 at *5-7. That is not the case here. In his complaint, the Plaintiff alleges that Defendant Li first contacted Plaintiff to help with a merger acquisition that resulted in six months of work and a profit of $50 million for Li's company, followed by a similar experience in 2016 again initiated by Li. "Mail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Also, Li allegedly soliciting Feng is an important fact that goes to his purposeful availment of the forum. *See, e.g., Columbia Metal Culvert Co. v. Kaiser Indus. Corp.*, 526 F.2d 724, 730 (3d Cir. 1975) (considering "soliciting business and negotiating a contract" in the forum to be contributing factors "to constitute the minimum contacts necessary for due process").

Likewise, Plaintiff alleges that Defendant Li entered into a contract with him, at least once, while he was in the forum. While a contract alone is insufficient to establish minimum contacts, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing...must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 105 S. Ct. 2174, 2185, 85 L. Ed. 2d 528 (1985). According to the complaint, the business relationship between Plaintiff and Li ran upwards of three years, over the course of which the two entered into a contract that would grant Plaintiff a high-level executive position, along with $1 million in equity from Defendant's company. Defendant Li should not be surprised to be brought into this Court.

## II. Venue

Under 28 U.S.C. § 1391(b), venue is proper

> in (1) a judicial district in which any defendant resides, if all defendants are residents of State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"In this circuit, a plaintiff's choice of forum is a paramount consideration in a transfer analysis." *Cosmopolitan Shipping Co. v. Cont'l Ins. Co.*, No. CV 17-4933 (WHW-CLW), 2018 WL 1617701, at *3 (D.N.J. Apr. 3, 2018). However, "[j]udges in the District of New Jersey have...accorded less weight to a plaintiff's decision to litigate here where the central facts of their case occurred outside the chosen forum' or the plaintiff's choice of forum has little connection with the operative facts of the lawsuit." *Id.* (internal quotations omitted).

In this case we have an alleged bilateral contractual relationship that took place mostly over the phone and in person, with the out-of-state Defendant, Mr. Li, contacting the Plaintiff within the forum. This is not a litigation with such rigorous physical evidence across far away forums that a change in venue is necessary. This Court does not find there to be "a significant hardship for [Defendant Li] to produce records and witnesses in New Jersey, especially as the two states are neighboring." *Sky Sols., LLC v. Cendant Mobility Servs. Corp.*, No. 2:07CV02456(DMC), 2008 WL 577285, at *3 (D.N.J. Feb. 29, 2008). The request to change venues is denied.

## CONCLUSION

Defendants' motion to dismiss is granted in part, denied in part. Defendant Frontage is dismissed from the suit for lack of jurisdiction, while Defendant Li remains. Defendants' request for a venue transfer is denied. An appropriate order follows.

DATE: 21 August 2018

William H. Walls
Senior United States District Court Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVE FENG,<br><br>    Plaintiff,<br><br>  v.<br><br>FRONTAGE LABORATORIES, INC., and SONG LI,<br><br>    Defendants. | **ORDER**<br><br>Civ. No. 2:18-cv-03407 (WHW) |

The matter having come before the Court on Defendants' Motion to Dismiss, ECF No. 4, it is hereby ORDERED that Defendants' motion is granted as to Defendant Frontage Laboratories, Inc., claims against which are dismissed without prejudice; and it is further

ORDERED that Defendants' Motion to Dismiss is denied as to Defendant Song Li; and it is further

ORDERED that Defendants' request to transfer this matter to the Eastern District of Pennsylvania is denied.

DATE: 21 August 2018

William H. Walls
Senior United States District Court Judge

1